**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 98-4845

STEPHEN BELCHER,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-98-53)

Submitted: November 9, 1999

Decided: November 29, 1999

Before MURNAGHAN, HAMILTON, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jacqueline A. Hallinan, Charleston, West Virginia, for Appellant.
Rebecca A. Betts, United States Attorney, Steven I. Loew, Assistant
United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

A jury found Stephen Belcher guilty of using or carrying a machine gun in relation to a drug trafficking crime in violation of 18 U.S.C.A. § 924(c) (West 1999) and 18 U.S.C. § 2 (1994). On appeal, Belcher argues that there was insufficient evidence to support a conviction under § 924(c). Belcher further argues that because the United States proved only that he was guilty of bartering drugs for guns, rather than guns for drugs, he cannot properly be convicted under § 924(c). For the reasons that follow, we affirm.

This court reviews challenges to the sufficiency of the evidence by viewing the evidence at trial in the light most favorable to the government, including all reasonable inferences that can be drawn from the evidence. See Glasser v. United States, 315 U.S. 60, 80 (1942). Additionally, this court does not assess witness credibility on appeal. See United States v. Russell, 971 F.2d 1098, 1109 (4th Cir. 1992).

Belcher argues that there was insufficient evidence to show that he aided and abetted a co-conspirator in consummating the drugs for guns exchange. Specifically, Belcher argues that he "had withdrawn, gone to Parkersburg ninety miles away and had no knowledge that the ATF agent and confidential [informant] actually followed through with their offer to make a machine gun available." See Appellant's Brief, at 8. Belcher's involvement with respect to the drugs for guns exchange is amply demonstrated by the record. Moreover, while being surreptitiously recorded by the government, Mr. Belcher repeatedly made reference to his desire to facilitate the trade for the machine guns. The only evidence that Belcher offered to support his theory of withdrawal was his own testimony and that of his girlfriend. The jury heard all of the aforementioned evidence, and after weighing the credibility of Belcher, his girlfriend, and the other witnesses, found Belcher guilty. Because we do not assess witness credibility on appeal, Belcher's claim of withdrawal must fail. See United States v. Russell, 971 F.2d 1098, 1109 (4th Cir. 1992).

Belcher next argues that because "he traded drugs for guns", rather than guns for drugs, he cannot be convicted under 18 U.S.C.A.

2

§ 924(c) (West 1999). This court reviews questions of law de novo. See United States v. Cheek, 94 F.3d 136, 140 (4th Cir. 1996).

Belcher's argument is without merit. An exchange of drugs for guns constitutes "use" under 18 U.S.C.A. § 924(c).* See United States v. Ulloa, 94 F.3d 949, 956 (5th Cir. 1996); United States v. Harris, 39 F.3d 1262, 1269 (4th Cir. 1994). Therefore, Belcher's argument must fail.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

*Belcher's reliance on United States v. Westmoreland, 122 F.3d 431 (7th Cir. 1997), is misplaced. In Westmoreland , a § 924(c)(1) conviction was reversed upon a finding that the defendant "passively receive[d]" the gun from an undercover agent who admitted that he had purposefully paid for drugs with a gun in order to create a § 924(c)(1) violation. The facts of that case are thus sufficiently distinguishable from the conduct in which Belcher engaged that the court's reasoning is simply inapplicable to the present case.

3